**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DANIEL JOSEPH BOISCLAIR,                        CIVIL NO. 05-112 MJD/AJB

           PLAINTIFF,

                                                                 REPORT AND RECOMMENDATION
V.                                                            ON DISMISSAL FOR
                                                                FAILURE TO PROSECUTE

MICHAEL T. ETMUND, AND
SIMONE SURI, INDIVIDUALLY AND
AS AGENTS FOR DIRECT MERCHANTS CREDIT,

           DEFENDANTS.

      Plaintiff Daniel Joseph Boisclair filed a complaint in federal district court on January 19, 2005, against defendants Michael T. Etmund and Simone Suri. (Docket No. 1.) On February 8, 2005, the defendants answered, denying all allegations. (Docket No. 5.) On March 15, 2005, the court issued a pretrial scheduling order signifying a trial ready date of December 1, 2005. (Docket No. 14.) Plaintiff objected to the pretrial scheduling order by returning a copy of the order with "I object" and the phrase "Refused for cause without dishonor and, without recourse to me" written on the order. (*See* Docket No. 15.) On July 6, 2005, plaintiff filed an "Affidavit of Default" claiming that defendants had defaulted in the action and, thus, plaintiff should be awarded judgment in this matter. On March 3, 2006, this court issued an order to show cause as to why this action should not be dismissed for failure to prosecute. (Docket No. 18.) The court provided the plaintiff fourteen days in which to reply to the order "in a meaningful manner" explaining why the matter should not be dismissed. (*See id*.) The order to show cause stated that failure to comply with the court's directive could result in sanction, including dismissal of the claims. (*Id*.) Plaintiff returned to the court a copy of the March 3, 2006 Order marked

1

with "Refused Timely" and "I already have the default on this case.  Since the party has defaulted there is no need to continue this case."

"[A] district court may, on its own motion, dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an adjudication on the merits." *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.1986)).  "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Id.* (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984)).  Although plaintiff seems to believe that there is a default judgment against defendants, it is clear from the record that there has been no default judgment issued in this case.  In fact, it would be improper for the court to have issued such a judgment because defendants properly responded to Mr. Boisclair's complaint by filing an appropriate answer and, thus, are not in default.  *See* Fed. R. Civ. P. 55(a).  By filing a copy of defendants' answer, Mr. Boisclair has demonstrated that he was in receipt of the defendants' answer within the appropriate time period.  Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed with prejudice for failure to prosecute.

Dated:  March 22, 2006

s/ Arthur J. Boylan<br>
Arthur J. Boylan<br>
United States Magistrate Judge

**Notice**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **April 7, 2006**.